UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
STACEY SUMMA,

                                Plaintiff,        08 Civ. ( )

      -against-

EDWARD DETLEFS, individually,
ANTHONY MARRACCINI,
individually, and the TOWN/VILLAGE
OF HARRISON, New York,

                                Defendants.

**COMPLAINT**

**08 CIV 10643**

**Jury Trial Demanded**

------------------------------------------------------x

Plaintiff STACEY SUMMA, by her attorney Jonathan Lovett, Esq., for her complaint respectfully states:

## NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately the result of conduct engaged in by the Defendants while acting in concert and under color of New York State law, for violations of Plaintiff's rights of privacy, equal protection, and/or substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution, and her right to be free from excessive force as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983, and 42 U.S.C. §1985(3).

## JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. *See also* 18 U.S.C. §242.

1

## **THE PARTIES**

3. Plaintiff STACEY SUMMA, a model, is a twenty-seven year old female citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. By reason of her modeling career she has been the subject of extensive, professional photography; some of those photographs were maintained by her in her personal motor vehicle.

4. Defendant EDWARD DETLEFS (hereinafter "Detlefs"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was a police officer employed by the Defendant Town/Village (hereinafter "Town"). He is, as set forth *infra* a sexual predator.

5. Defendant ANTHONY MARRACCINI (hereinafter "Marraccini"), who is sued in his individual and personal capacity only, at all times relevant to this complaint was a Captain employed in the Town's Police Department (hereinafter "Department"). As such, and by reason of the abdication of all law enforcement responsibilities by both David Hall (the Town's supposed Chief of Police and mayoral "wannabe") and the Town's Board of Police Commissioners, Marraccini *de facto* controls the operation of the Department and the conduct and/or misconduct of most subordinate police officers in his command. As such he has personally participated in: i) the sexual degradation of a teenage female who was falsely arrested in the Town [Jane Doe v. Marraccini, 08 Civ. 4752 (CS)]; an Assault in the First Degree in which he repeatedly stomped on and kicked (with his cowboy boots) a helpless male civilian (John Corolla) outside of a local bar - - while that individual was held down on the ground by Marraccini's brother-in-law (Robert Luiso); the violation of the First Amendment rights of a female resident of the

2

Town - - who he threatened and later had falsely arrested - - because she non-disruptively protested serious health and safety violations endangering occupants of a local school attended by two of her infant children [Valeri v. Marraccini, 08 Civ. 5256 (CS)]; the insulation from disciplinary action with respect to a subordinate police officer who without lawful authority assaulted and injured a resident of the Town [Carrillo v. Carlucci, 06 Civ. 1443 (CM)]; and *inter alia* refused to bring disciplinary charges against that same officer (Carlucci) who during a night of heavy off-duty drinking in a local bar repeatedly sought to lure women into a bathroom, announcing that he wanted to "fuck" them - - thereafter falling into a drunken stupor in a public hallway of a condominium, while wearing but not securing a firearm.

6. Defendant TOWN/VILLAGE OF HARRISON, New York (hereinafter "Town") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

## THE FACTS

7. In or about 1999, while on duty Detlefs and his then police partner [Ralph Tancredi (hereinafter "Tancredi")] briefly interacted with Plaintiff on December 31st on New Street in the Town. In that connection Plaintiff, who was dressed up for a New Year's Eve party, opened the door of the car she was seated in, inadvertently exposing (hereinafter the "event") her thighs as she exited the vehicle.

8. Immediately Detlefs commented to Tancredi that Plaintiff was, in his opinion, very beautiful and that he was sexually attracted to her.

3

9. Over the years subsequent to that event, by reason of the indelible impression Plaintiff's beauty made upon Detlefs, he periodically referenced the event to Tancredi and on numerous occasions reiterated to Tancredi his thoughts about both her beauty and his sexual attraction to her.

10. On November 10, 2006, Plaintiff was the front seat passenger in her own motor vehicle, then being operated by Matthew Foglia. Stored in the vehicle were some of the photographs referenced *supra* in paragraph "3".

11. As that vehicle exited the Hutchison River Parkway in the Town, Detlefs (on patrol as a canine officer and who at the time had his German shepherd in his police vehicle) observed and immediately recognized Plaintiff; as a result forced the vehicle to a stop on Westchester Avenue. He then falsely accused Foglia of running a stop sign - - which did not exist. When confronted about the absence of a stop sign, he alternatively advised Foglia, who he ordered out of the vehicle, that he had been pulled over because his signal light was flashing.

12. Detlefs later ordered Plaintiff out of the vehicle - - for no law enforcement-related purpose - - but with the intent to sexually abuse her. Once she exited the car he directed her to move out of Foglia's line of site and positioned her with her back to on-coming traffic.

13. There he grabbed both of Plaintiff's breasts forcing her backwards - - a calculated act of sexual abuse that he immediately repeated for his sexual gratification over Plaintiff's repeatedly ignored demands that a female police officer be summoned to the scene.

14. Detlefs then forced Plaintiff down to the pavement - - with the unsolicited assistance of an off-duty police officer who placed his body weight on Plaintiff's back directly on top of metal rods that had been implanted in her as a result of an automobile accident.

15. As Plaintiff was thus helplessly pinioned to the roadway, Detleff first inserted his hand into Plaintiff's trousers and panties.

16. He then intentionally, viciously and forcefully shoved his hand up into her vagina with the punitive objective, fully realized, of causing her excruciating pain, serious physical injury, and sexual degradation.

17. Having apparently satisfied his long-term desire to sexually humiliate Plaintiff because of her gender and forcibly derive sexual gratification for himself in the process, Detlefs had Plaintiff's car removed to police headquarters and arranged for another officer transport her to Police Headquarters where she was held for in excess of six hours. During that incarceration Marraccini - - once informed of Detlefs' sexual assault - - remarked to Detlefs in Plaintiff's presence: "You should have let the [police] dog out [of the police vehicle] to fuck up her pretty face".

18. Over a period of several hours Marraccini repeatedly demanded that Plaintiff provide information regarding supposed criminal wrong-doing by her brother - - offering to let her go free if she did so.

19. Plaintiff refused, her hands and feet were subsequently shackled, she was transported to the County Jail, and later prosecuted for possession of a controlled substance. Cash that she had in her possession when initially taken to Police

5

Headquarters was taken from her by a Town police officer without benefit of a receipt; that money not been returned to her.

20. Neither Detlefs nor Marraccini sexually abuse males in their custody.

21. As a proximate result of Detlef's conduct as expressly encouraged, ratified, approved, and condoned by Marraccini, Plaintiff was forced to suffer: sexual abuse by reason of Detlefs' public grabbing of her breasts; gross humiliation; intense physical pain and suffering attributable to Detlefs forceful insertion of his hand into her vagina; disgusting physical degradation by reason of Detlefs' publicly inserting his hand into her vagina; post traumatic stress disorder as one result of which she avoids entering into the Town out of fear of another sexual assault; shame; embarrassment; anxiety; emotional upset; deprivation of her property without due process, that is the theft (as sexual souvenirs) by Detlefs of a number of modeling photographs from her vehicle; the theft of the cash taken from her at Headquarters; and she has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

22. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

23. Under the premises Defendants' conduct violated Plaintiff's right of privacy as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CLAIM

24. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

24. Under the premises Defendants' conduct violated Plaintiff's right to Equal Protection as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §§1983, 1985(3).

## AS AND FOR A THIRD CLAIM

25. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

26. Under the premises Defendants' conduct violated Plaintiff's right to due process rights as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CLAIM

27. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

28. Under the premises Defendants' punitive use of excessive force violated Plaintiff's rights as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A FIFTH CLAIM

29. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

30. Under the premises Defendants' cavity "search" violated Plaintiff's rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SIXTH, ALTERNATIVE CLAIM

31. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

32. Under the premises Defendants' conduct violated Plaintiff's right to substantive due process as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully demanded:

a. On the First, Second, Third, Fourth, and Fifth Claims awarding against the individually named Defendants such punitive damages as the jury may impose, but in a sum not less than $10,000,000 each,

b. On the First, Second, Third, Fourth and Fifth Claims awarding against all Defendants jointly such compensatory damages as the jury may determine, but in a sum not less than $25,000,000,

c. Awarding against each Defendant reasonable attorney's fees and costs, and,

d. Granting such other and further relief as to the Court seems just and

proper.

Dated: White Plains, N.Y.
      December 7, 2008

                                      Jonathan Lovett, Esq. (4854)
                                      Attorney for Stacy Summa
                                      222 Bloomingdale Road
                                      White Plains, New York 10605
                                      914-428-8401